IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Progressive Casualty Insurance Company,<br><br>Plaintiff<br><br>vs.<br><br>State National Specialty Insurance Company, Extreme Transportation, Inc., All Island Express, Inc., and Barry Berry et al.<br><br>Defendants | **_CIVIL ACTION NO:_** |

**NOTICE OF REMOVAL OF DEFENDANT
<u>NATIONAL SPECIALTY INSURANCE COMPANY</u>**

Defendant National Specialty Insurance Company, improperly pled as State National Specialty Insurance Company ("National Specialty"), by and through its attorneys, Fowler, Hirtzel, McNulty & Spaulding, LLP do hereby files the instant Notice of Removal of Plaintiff's Civil Action and aver in support thereof as follows:

1. On or about March 28, 2019, Plaintiff Progressive Casualty Insurance Company ("Progressive") served a Civil Action Complaint upon National Specialty. <u>See</u> **Exhibit "A,"** a true and correct copy of Progressive's Complaint annexed hereto and **Exhibit "B,"** a copy of the affidavit of service.

2. According to the dockets, no other defendants have been served. <u>See</u>, **Exhibit "C,"** a true and correct copy of dockets as of April 9, 2019 annexed hereto.

3. Progressive's Complaint is venued in Essex County, New Jersey and seeks declaratory judgment for an insurance dispute based on a policy of insurance issued by National Specialty to Extreme Transportation, Inc. for a claim arising from a fatal motor vehicle accident that occurred in Wisconsin. <u>See</u> Ex. "A," generally.

4. Plaintiff is diverse from all defendants. <u>See</u> Exhibit "A" at ¶¶ 5-10.

5. Pursuant to 28 U.S.C. § 1332 (c)(1), a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.

6. At the time of the filing of Progressive's complaint and at the present time, Defendant National Specialty Insurance Company is a Texas Insurance Corporation headquartered at 1900 L. Don Dodson Drive, Bedford, Texas; 76021.

7. Progressive is an Ohio corporation headquartered in Ohio. <u>See</u> Ex. "A" at ¶ 5.

8. All Island Express, Inc. is a New York Corporation headquartered in Hempstead, New York. <u>Id.</u> at ¶ 6.

9. Extreme Transportation, Inc. is a New Jersey corporation headquartered in Montclair, New Jersey. <u>Id.</u> at ¶ 7.

10. The sole individual defendant is a citizen of Pennsylvania. <u>Id.</u> at ¶ 8.

11. The citizenship of the parties is diverse as Plaintiff is a citizen of Ohio and defendants are citizens of states other than Ohio.

12. All Plaintiffs are diverse from all Defendants.

13. This matter is based on an insurance coverage dispute related to a wrongful death action.

14. National Specialty has a good faith belief that the damages arising from this fatal motor vehicle accident exceed $75,000.

15. Further, Progressive alleges that the National Specialty policy should include at least $750,000 in benefits – 10 times the jurisdictional limits. <u>Id.</u> at ¶ 18.

{W0904430.1}

16. Though Extreme Transportation, Inc. is a forum defendant, upon information and belief, Extreme Transportation has not yet been served. See Exhibit "C."

17. Removal is timely as it is filed within thirty (30) days of service of the Complaint.

### Basis for Removal to Federal Court

18. A defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction to address the matter. See 28 U.S.C. § 1441.

19. Jurisdiction is proper in federal district court where the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000. See 28 U.S.C. § 1332.

20. The defendant's right to remove is to be determined according to the plaintiff's pleading at the time of the notice for removal. See Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 222 (3d Cir. 1999).

21. The diversity of citizenship requirement under 28 U.S.C. § 1332 has been met as there is complete diversity in this litigation.

22. The removal statute, 28 U.S.C. § 1441(a), provides "…any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

23. When federal jurisdiction is premised only on diversity of the parties, the forum defendant rule applies.

24. That rule provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Id. § 1441(b)(2).

25. Where "the case could not initially have been filed in federal court," the Third Circuit has held that the forum defendant rule is jurisdictional rather than procedural. Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995); see also Roxbury Condo. Ass'n v. Anthony S. Cupo Agency, 316 F.3d 224, 227 (3d Cir. 2003).

26. In Encompass Ins. Co. v. Stone Mansion Rest. Inc., the Third Circuit recently examined the language of the forum defendant rule and determined that section 1441(b)(2) "is unambiguous" and the rule "precludes removal on the basis of in-state citizenship **only when the defendant has been properly joined and served**." 902 F.3d 147, 150 (3d Cir. 2018).

27. Accordingly, the Third Circuit has held that a case can be removed to Federal Court where the forum defendants have not been served and diversity jurisdiction otherwise exists. Id. at 154.

28. As there is diversity of citizenship, the amount in controversy is in excess of $75,000.00 and the forum defendant has not been served, removal is proper under 28 U.S.C. §§ 1332 and 1441.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1441 et seq., Defendant National Specialty Insurance Company respectfully requests that the above-captioned matter now pending in the Superior Court of New Jersey be removed to the United States District Court for the District of New Jersey.

Fowler, Hirtzel, McNulty & Spaulding, LLP

BY: _____
**Lee H. Eckell, Esquire**
Attorneys for Defendant
National Specialty Insurance Company, improperly pled as State National Specialty Insurance Company

Dated: April 10, 2019

{W0904430.1}

4